**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JANE DOE** | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:26-cv-00740-RWS-JBB** |
| | § | |
| **PLANO FAMILY 001, LP; PLANO** | § | |
| **HOUSING CORPORATION; JEAN** | § | |
| **BROWN; AND JESSICA STEEP** | § | |

**ORDER**[1]

Before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym and to Seal or Redact Identifying Information. Dkt. No. 4. In rare cases, circumstances permit a court to allow a plaintiff to proceed anonymously. This is not one of those rare cases. Therefore, Plaintiff's request to proceed using a pseudonym is denied; however, as explained herein, Plaintiff has justified, for now, her request that any references to her residential address in public filings to date be redacted. Therefore, Plaintiff's alternative request is granted, with the reservation that the Court may revisit the issue after the defendants have been served and had the opportunity to respond.

**BACKGROUND**

On June 29, 2026, *pro se* Plaintiff—using the pseudonym "Jane Doe"—filed a complaint against Plano Family 001, LP, Plano Housing Corporation, executive director Jean Brown, and agent/employee Jessica Steep ("Defendants").[2] Dkt. No. 1. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Dkt. No. 3), the current motion requesting leave to proceed under the

---

[1] This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636.

[2] Plaintiff alleges discrimination in housing on the basis of sex and familial status, in violation of the Fair Housing Act and state law claims, related to the conditions of Defendants' property in which Plaintiff and her minor child resided from February 2025 until present. Dkt. No. 1, Ex. A at 3-24 (alleging habitability issues; Defendants' agents entered Plaintiff's unit without notice on numerous occasions; Defendants coercively enforced "familial status-based policies" using threats of CPS reporting, surveillance, and "eviction-related lease violations;" and Defendants retaliated against Plaintiff for exercise of her tenant rights).

1

pseudonym "Jane Doe" and to seal or redact disclosure of Plaintiff's address (Dkt. No. 4), and a Motion for Appointment of Counsel (Dkt. No. 5). Contemporaneously with this order, the Court is entering an order granting Plaintiff's IFP motion and denying Plaintiff's motion to appoint counsel.

In her current motion, Plaintiff seeks limited protection of identifying information—her name and residential address—due to prior experiences involving harassment, stalking, threats, and safety-related incidents connected to her prior residence, including being subjected to direct threats of physical harm and unwanted conduct directed toward Plaintiff and her child. Dkt. No. 4 at 2-3. In her motion, Plaintiff states she is a participant in the Texas Address Confidentiality Program ("ACP") which provides a substitute mailing address for use in certain public and government contexts.[3] *Id.* at 1; Ex. A. Specifically, Plaintiff seeks an order (1) allowing her to proceed under the pseudonym "Jane Doe" (or initials) in all public filings and docket entries, (2) ordering that Plaintiff's residential address and other identifying information be sealed or redacted from the public docket, and (3) permitting Plaintiff to use her ACP substitute address for public filing purposes. In the alternative, if the Court declines pseudonymity, Plaintiff requests the Court still order redaction or restriction of Plaintiff's residential address and any identifying information from public access.

---

[3] The ACP is a program offered by the Texas Attorney General that "helps prevent [the] actual address [of a victim of family violence, sexual assault, human trafficking, or stalking] from being revealed in state government documents and files while still allowing [the victim] to receive and send mail" by providing a "substitute P.O. box instead of [the victim's] actual address on forms, such as driver's license, voter registration and school registration." *Gardner v. Navient, L.L.C.*, No. 3:24-CV-198-S-BN, 2024 WL 5424420, at *1 (N.D. Tex. Feb. 7, 2024) (citing Address Confidentiality Program, Office of Attorney General, available at https://www.texasattorneygeneral.gov/crime-victims/services-crime-victims/address-confidentiality-program). The address listed on the docket is Plaintiff's substitute P.O. box instead of her residential address.

**LEGAL STANDARDS**

Generally, parties to a lawsuit must identify themselves in their pleadings. *Doe v. Kirker Davis L.L.P.*, No. 1:25-CV-01957-DAE, 2025 WL 3654179, at *1 (W.D. Tex. Dec. 15, 2025) (citing FED. R. CIV. P. 10 ("The title of the complaint must name all the parties[.]"); also citing FED. R. CIV. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). Under certain circumstances, however, "a party may proceed anonymously or under a pseudonym." *Doe v. Kirker Davis L.L.P.*, No. 1:25-CV-01957-DAE, 2025 WL 3654179, at *1 (W.D. Tex. Dec. 15, 2025) (citations omitted). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)); *see also Wynne & Jaffe*, 599 F.2d at 712-13 (stating that when the issues involved are "matters of a sensitive and highly personal nature," the normal practice of disclosing the parties' identities yields "to a policy of protecting privacy in a very private matter").

The court's decision requires a balancing of "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186. Courts consider the following factors when determining whether to permit a party to proceed anonymously: (1) whether the plaintiff is "suing to challenge governmental activity;" (2) whether the suit compels the plaintiff "to disclose information 'of the utmost intimacy;'" and (3) whether the suit compels the plaintiff to admit an "intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citation

3

omitted). These factors, though, are not "a rigid, three-step test." *Id.* Rather, they are part of "the matrix of considerations arguing for anonymity." *Id.* at 186 (noting "the gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs" and viewing "the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here"). Given that no single factor is dispositive in this analysis, the court should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (emphasis in original).

## **DISCUSSION**

Plaintiff is not challenging governmental activity, and the case does not suggest any intention to engage in illegal conduct. Nor do the claims as pleaded by Plaintiff necessarily require disclosure of information that is of the utmost intimacy. "[I]nformation of the utmost intimacy" that might justify allowing a plaintiff to proceed anonymously has generally been found to involve matters such as birth control, abortion, homosexuality, transexuality, mental illness, welfare rights of illegitimate children, and prayer and personal religious beliefs. *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015) (citations omitted). Courts have also allowed a plaintiff to proceed anonymously when the claims related to the sexual attack of the plaintiff. *See Doe v. Adm'rs of Tulane Educ. Fund*, No. CV 25-01295, 2025 WL 1837507, at *1–2 (E.D. La. July 3, 2025) (noting the case involved a matter of "the utmost intimacy"— a factor that "deserve[s] considerable weight," *Stegall*, 653 F.2d at 186, and further noting the "public right to scrutinize governmental functioning," *id.* at 185, would not be greatly diminished by the plaintiff's anonymity because the facts of the case and the reasoning of the court

4

would remain available to the public). This case does not involve such matters, but rather involves claims of housing discrimination.

Plaintiff suggests that public disclosure of her name and residential address may subject Plaintiff and her minor child to harassment or physical harm. Dkt. No. 4 at 3. However, Plaintiff does not provide sufficient information substantiating that concern. The Court notes that Plaintiff included, in both her complaint and exhibits thereto and in her IFP motion—neither of which were filed under seal—references to her name and current residential address.[4] And according to one court within the Fifth Circuit, it is not clear the ACP even applies to a federal lawsuit, and if it does, a plaintiff's participation in the ACP does not provide for "wholesale sealing of judicial records under controlling law in this circuit." *Gardner*, 2024 WL 5424420, at *1-2 (further stating the plaintiff in that case—as here—had provided a post office box, not a physical address, and therefore was receiving the benefit provided by the ACP).

In sum, after considering the factors relevant to Plaintiff's request to proceed anonymously, the Court finds the risks to Plaintiff and her child in identifying herself in this lawsuit are not sufficient to warrant deviation from the general rule of public access to court records. Therefore, the Court denies Plaintiff's request to proceed pseudonymously.

Plaintiff requests in the alternative that the Court order redaction or restriction of Plaintiff's residential address and that she be permitted to use her ACP substitute address for public filing purposes. For any public filings on the docket to date, the Court grants Plaintiff's alternative

---

[4] "Once a document is filed on the public record" – such as the complaint and IFP motion filed by Plaintiff – "it becomes a 'judicial record.'" *Gardner v. Navient, L.L.C.*, No. 3:24-CV-198-S-BN, 2024 WL 5424420, at *1 (N.D. Tex. Feb. 7, 2024) (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993))). And "the working presumption is that judicial records should not be sealed." *Id.* (quoting *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)). In fact, the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record." *Id.* (quoting *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022)).

5

request that her residential address be redacted. However, the Court may revisit this issue after Defendants are served and have the opportunity to respond.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion for Leave to Proceed Under Pseudonym and to Seal or Redact Identifying Information (Dkt. No. 4) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's request to proceed as "Jane Doe" (or with initials) is denied. The Clerk of the Court is instructed to change the name on the docket to reflect Plaintiff's name as contained in her IFP motion. It is further

**ORDERED** that for any public filings on the docket to date, Plaintiff's alternative request that her residential address be redacted is granted. To the extent warranted, Plaintiff shall provide the Court, within fourteen (14) days from the date of receipt of this order, publicly-available redacted versions of any filings on the docket (*i.e.*, Dkt. Nos. 1, 3, 4, 5) which contain her residential address. After any such filings are received, the Clerk of the Court will seal the original filing(s) and enter on the docket the publicly-available redacted version(s). Finally, it is

**ORDERED** that Plaintiff's failure to provide publicly-available redacted version(s) within the time prescribed by this order will waive Plaintiff's request that her residential address be restricted from public access in the public filings on the docket to date.

SIGNED this the 2nd day of July, 2026.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE